UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICKY BERNARD GREEN,<br><br>                Plaintiff,<br><br>   v.<br><br>JEFFREY STARK, et al.,<br><br>                Defendants. | Case No. 3:23-cv-00478-ART-CLB<br><br>**ORDER**<br><br>**(ECF No. 11)** |

On July 9, 2024, the Court issued its screening order, allowing First Amendment retaliation and Fourteenth Amendment due-process claims to proceed and dismissing the Fourteenth Amendment equal-protection claim with leave to amend by August 8, 2024. (ECF No. 9). The Court specifically stated that if Plaintiff chose not to file an amended complaint, this action would proceed on only the retaliation and due-process claims. (*Id.* at 12–13). This deadline expired without Plaintiff filing an amended complaint. Plaintiff, however, filed a motion asking the Court to find and appoint him a free attorney, arguing that conditions at Humboldt County Detention Center will make it difficult for him to prosecute his claims. (ECF No. 11). Plaintiff next filed notice that he has been moved to Elko County Detention Center. (ECF No. 12). For the reasons discussed below, the Court denies Plaintiff's motion for the appointment of counsel and orders service upon Defendants.

**I. DISCUSSION**

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil-rights actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." But the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "When determining whether exceptional circumstances exist, a court must

consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (cleaned up). "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

The Court is sympathetic to Plaintiff's circumstances, but they are common for inmates litigating civil-rights actions. Moreover, the matters at issue here are not particularly complex. Plaintiff has articulated a colorable claim for relief and demonstrated an ability to communicate the basis of his disputes to the Court on a pro se basis. But the Court cannot conclude on this record that Plaintiff is likely to succeed on the merits of any claim. The Court does not find exceptional circumstances warranting the appointment of counsel. So Plaintiff's motion for that relief is denied without prejudice.

**II.   CONCLUSION**

It is therefore ordered that Plaintiff's motion for the appointment of counsel (ECF No. 11) is denied without prejudice.

It is further ordered that, consistent with the Court's screening order (ECF No. 9), this action will proceed on only (1) the First Amendment retaliation claim against Jeffrey Stark, Kayla Watt, and Robert Rangel; and (2) the Fourteenth Amendment Due Process Clause claim about disciplinary segregation against Jeffrey Stark, Kayla Watt, and Robert Rangel.

It is further ordered that the Clerk of Court **will issue** summonses for Defendants Jeffrey Stark, Kayla Watt, and Robert Rangel **and deliver the same** to the U.S. Marshal for service. The Clerk also **will send** sufficient copies of the complaint (ECF No. 10) and this order to the U.S. Marshal for service on Defendants.

It is further ordered that the Clerk **will send** Plaintiff **three copies** of the USM-285 form. Plaintiff will have **30 days** to furnish to the U.S. Marshal the required USM-285 forms with the relevant information completed for each Defendant on a separate form.

It is further ordered that within **20 days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which Defendant(s) were served and which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved Defendant(s), then Plaintiff must file a motion with the Court identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

It is further ordered that Plaintiff will serve upon Defendants or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. IC 4-1(b); Nev. LR 5-1. But if Plaintiff mails the document to the Court, Plaintiff will include with it a certificate stating the date that a true and correct copy of the document was mailed to Defendants or their counsel. If counsel has entered a notice of appearance, Plaintiff will direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge that has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk that fails to include a certificate showing proper service when required.

DATED THIS 13th day of August 2024.

_____
UNITED STATES MAGISTRATE JUDGE