**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

RICKY BERNARD GREEN,

Plaintiff,

v.

JEFFREY STARK, *et al.*,

Defendants.

Case No. 3:23-CV-00478-CLB

**ORDER DENYING MOTION TO CONTINUE SCHEDULED DEPOSITION AND MOTION TO EXTEND TIME RE: SCHEDULING ORDER**

[ECF Nos. 28, 29]

Before the Court is Plaintiff Ricky Bernard Green's ("Green") motion to continue scheduled deposition, (ECF No. 28), and motion to extend the scheduling order, (ECF No. 29). For the reasons discussed below, the motions are denied.

Federal Rule of Civil Procedure 16(b)(4) governs the modification of scheduling orders and discovery plans. Fed. R. Civ. P. 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The good cause inquiry focuses primarily on the movant's diligence. *DRK Photo v. McGraw-Hill Global Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017).

Local Rule 26-3 supplements Fed. R. Civ. P. 16 and provides that discovery plans and scheduling orders may be modified for good cause, provided that a motion to extend is made "no later than 21 days before the expiration of the subject deadline." *See* LR 26-3; *see also* LR IA 6-1. "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Requests for extensions of time made before the applicable deadline has passed should "normally ... be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* (*citing* 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)).

Additionally, any request for an extension of discovery must include: (1) a statement specifying the discovery completed by the parties as of the date of the motion;

(2) a specific description of the discovery that remains to be completed; (3) the reasons why remaining discovery was not completed within the existing discovery deadline; and (4) a proposed schedule for the completion of the remaining discovery. (ECF No. 24 at 4.)

Here, Green requests a continuance of a scheduled deposition and a 90-day extension of the scheduling order in this case due to an upcoming sentencing date in Green's state criminal case. (*See* ECF Nos. 28, 29.) However, Green's motions fail to specify what discovery has been completed and a specific description of the discovery that remains to be completed. Further, it is unclear whether Green has undertaken a good faith effort to meet and confer with Defendants to discuss the possibility of moving his deposition or extending discovery. Thus, it does not appear that good cause exists to grant the motions at this time.

Accordingly, the motions, (ECF Nos. 28, 29), are **DENIED**.

**DATED**: March 11, 2025_____.

_____
**UNITED STATES MAGISTRATE JUDGE**

2